UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No. 11-20669
                                               Honorable Thomas L. Ludington

v.

SAMUEL CHARLES RICHARDSON,

        Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART, DENYING IN PART DEFENDANT'S MOTION FOR CAREER OFFENDER DETERMINATION AND FINDING DEFENDANT TO BE PROPERLY CLASSIFIED AS A CAREER OFFENDER**

Defendant Samuel Richardson was charged by complaint with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(2). Plea negotiations have been ongoing, and the government has proposed a Rule 11 Agreement. The proposed agreement would require Defendant to plead guilty to one count of possession with intent to distribute cocaine base.

Defendant believes that the "critical issue in the acceptance or rejection of this plea offer is the determination of whether Defendant meets the definition of career offender for sentencing purposes." Def.'s Mot. 1, ECF No. 25. As a result, Defendant filed a motion to determine if he is subject to career offender status. The government responded, arguing that such a determination is not ripe for adjudication, as Defendant has neither been convicted nor pled guilty. The government contends that if such a determination is to be made, "Defendant is a career offender under §4B1.1." Pl.'s Supp. Br. 3, ECF No. 29. If Defendant is appropriately characterized as a "career offender," it would have a significant impact on his advisory sentencing guidelines. Counsel suggests that Defendant's advisory guidelines range would

increase from 51–63 months to 188–235 if he is appropriately determined to be a "career offender."

I

Ripeness is one of several principles of justiciability predicated on both "Article III limitations" and "prudential reasons for refusing to exercise jurisdiction." *Kentucky Press Ass'n, Inc. v. Kentucky*, 454 F.3d 505, 509 (6th Cir. 2006). The doctrine is "designed 'to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements.'" *Id*. at 509 (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985)). The question of ripeness arises in those cases "'anchored in future events that may not occur as anticipated, or at all.'" *Kentucky Press Ass'n*, 545 F.3d at 509 (quoting *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 294 (6th Cir. 1997)).

In determining whether a claim is ripe for review, courts consider three factors: "(1) the likelihood that the harm alleged by the plaintiffs will ever come to pass; (2) whether the factual record is sufficiently developed to produce a fair adjudication of the merits of the parties' respective claims; and (3) the hardship to the parties if judicial relief is denied at this stage in the proceedings." *Kentucky Press Ass'n*, 545 F.3d at 509 (internal quotation marks omitted) (quoting *Adult Video Ass'n v. United States Dep't of Justice*, 71 F.3d 563, 568 (6th Cir. 1995)).

Here, all three factors suggest that Defendant's motion is ripe. First, the likelihood that the harm alleged — the penalty enhancement for a career offender — will come to pass is significant. The government does not contest that in the event Defendant is found guilty, he should be sentenced as a career offender. Second, the record is sufficiently developed to produce a fair adjudication on the merits. Whether Defendant is a career offender is not a situation

"anchored in future events that may not occur . . . at all." *Kentucky Press Ass'n*, 545 F.3d at 509. Instead, whether Defendant is a career criminal is based on events that have all come to pass.

Finally, needless hardship would ensue by declining to adjudicate the dispute. Generally, "a defendant considering a guilty plea is entitled to know what he might be facing as a penalty." *United States v. Easley*, No. 10-20642, 2011 WL 1743905, at \*6 (E.D. Mich. May 6, 2011) (Lawson, J.). As the Supreme Court has established, "Ninety-seven percent of federal convictions and ninety-four percent of state convictions are the result of guilty pleas." *Missouri v. Frye*, 132 S. Ct. 1399, 1407 (2012). The reality is that "criminal justice today is for the most part a system of pleas, not a system of trials." *Lafler v. Cooper*, 132 S. Ct. 1376, 1388 (2012). Plea bargaining "is not some adjunct to the criminal justice system; it *is* the criminal justice system." *Frye*, 132 S. Ct. at 1407 (emphasis in original) (citing Scott & Stuntz, *Plea Bargaining as Contract*, 101 Yale L. J. 1909, 1912 (1992)). It follows that in today's criminal justice system, "the negotiation of a plea bargain, rather than the unfolding of a trial, is almost always the critical point for a defendant." *Frye*, 132 S. Ct. at 1407.

To leave Defendant in the dark as to whether he will be sentenced as a career offender would seriously undermine his ability to properly assess his exposure at this critical stage of the proceedings. Because the alleged harm is a strong possibility, the facts supporting the determination are currently known, and refusing Defendant's request would cause great hardship, it is proper to determine at this stage whether he would be sentenced as a career offender if convicted.

## II

Defendant has multiple prior felony convictions involving controlled substances, and if found guilty in this case, he would be appropriately sentenced as a career offender.

Defendant was convicted of each of his prior offenses by entry of a guilty plea. He was first sentenced on March 12, 1997 to a custodial sentence of one to four years for possession of cocaine and possession of marijuana with the intent to deliver marijuana. The offense occurred on August 19, 1996 and Defendant entered his guilty plea at a hearing on January 6, 1997. Defendant's plea agreement included dismissal of an additional count of possession of less than 50 grams of cocaine and possession of a firearm while completing a felony.

Defendant's second set of convictions is unique only in that the offenses occurred on January 30, 1997 — after he pled guilty to his first set of felony drug convictions but before he was sentenced on March 12, 1997. This time, Defendant pled guilty to delivering less than 50 grams of cocaine and possession of cocaine with the intent to deliver less than 50 grams. Defendant entered his guilty plea on January 20, 1998; about ten months following imposition of his earlier sentence. Pursuant to that plea agreement, additional offenses of possession of marijuana and maintaining a drug house were dismissed. Defendant was sentenced to four to twenty years in prison on both counts, and he received credit for 42 days in custody as to Count II (delivery of cocaine less than 50 grams).

The government contends that Defendant's prior drug convictions qualify him for treatment as a career offender under the U.S. Sentencing Guidelines Manual. The government is right.

A defendant is a career offender if the following three requirements are met:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual § 4B1.1(a) (2011). The term "controlled substance offense" means "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the unlawful manufacture, import, export, distribution, or dispensing of a controlled substance." § 4B1.2(b).

It is undisputed that Defendant committed the instant offense long after he turned eighteen. It is also undisputed that the instant offense is a felony involving a controlled substance offense. The only question concerns whether Defendant has two prior felony convictions involving controlled substance offenses.

The term "two prior felony convictions" is defined as follows:

> (1) The defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense . . . and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c).

§ 4B1.2(c). A felony offense is defined as "any federal, state, or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed." § 4A1.2(o).

For Defendant's first offense, which was a controlled substance offense (possession of cocaine and possession of marijuana with the intent to deliver marijuana), he received a sentence of one to four years. In the case of such an indeterminate sentence, the stated maximum is four years. It follows that this is a controlled substance offense punishable by a term of imprisonment exceeding one year — Defendant's first felony conviction.

Defendant's second offense was also a controlled substance offense (delivering less than 50 grams of cocaine and possession of cocaine with the intent to deliver less than 50 grams). After Defendant pled guilty, he received a sentence of four to twenty years in prison. As before,

this second offense is a controlled substance offense punishable by a term of imprisonment exceeding one year, and constitutes Defendant's second felony conviction.

The final determination is whether these two sentences are counted separately under § 4A1.1(a), (b), or (c). "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." § 4A1.2(a)(2). Here, that is most assuredly the case. In fact, Defendant had already pled guilty to the first offense when he was arrested for the second. The two offenses are therefore properly counted separately and are both felony convictions involving controlled substance offenses. Accordingly, if convicted, Defendant would be appropriately sentenced as a career offender.

Defendant has advanced an interesting argument to support his claim that he is not a career offender if convicted. Basically, Defendant asserts that his first offense is not properly considered a controlled substance offense for determining career offender status. He suggests that "to be classified as a controlled substance offense for purposes of classification as a career offender, the prior sentence of imprisonment must exceed one year and one month." Def.'s Mot. 5. Defendant goes on to suggest that the Michigan Department of Corrections "effectively ended" his sentence — imposed on March 12, 1997 — on January 14, 1998. *Id.* Defendant argues that this represents a sentence of imprisonment that was suspended, and only the portion that was not suspended should count. *See* § 4A1.2(b)(2). Defendant concludes that this first sentence was not a sentence of imprisonment exceeding one year and one month, did not occur within the past ten years, and therefore "cannot be counted as a term of imprisonment in calculating career offender status." Def.'s Mot. at 5–6 (citing § 4A1.2(e)(1)).

Defendant's analysis, however, is wholly misplaced. Noted previously, "controlled substance offenses" are determined under Guidelines § 4B, not § 4A. This is because it is § 4B that governs career criminal status considerations. According to § 4B1.2(b), a controlled substance offense is an offense "punishable by imprisonment for a term exceeding one year." This analysis does not require that the term of imprisonment actually imposed or served exceed one year and one month.

Section 4A, on the other hand, governs the scoring of criminal history points. According to § 4A1.2(e), any sentence of thirteen months or less imposed more than ten years before the instant offense "is not counted." Further, a sentence that was suspended only counts insofar as the time actually served. But these provisions address the determination of criminal history points, not career offender status. In short, the length of time Defendant served on his first prison term is irrelevant. All that matters for purposes of his status as a career offender is whether the offense was a controlled substance offense and the associated statutory maximum sentence that could have been imposed.

Additionally, even if the length of sentence actually served did matter, Defendant has offered no proof the Michigan Department of Corrections had the authority to suspend his indeterminate sentence, or that it in fact did so. More likely than not, Defendant's initial sentence was reduced by disciplinary credits as Michigan's Trust in Sentencing Act would not have prohibited the practice for crimes committed before December 15, 2000. Mich. Comp. Laws § 791.233b.

Accordingly, it is **ORDERED** that Defendant's motion for career offender status determination, ECF No. 25, is **GRANTED** in part and **DENIED** in part.

It is further **ORDERED** that Defendant, if convicted, must be classified as a career offender under U.S. Sentencing Guidelines Manual § 4B.

Dated: February 1, 2013
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 1, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS